**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4430**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THOMAS BENSON MOTANYA,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:23-cr-00111-HEH-1)

_____

Submitted:  May 15, 2025                              Decided:  May 19, 2025

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Andrew Michael Stewart, SLOANE STEWART LAW, Fairfax, Virginia, for Appellant.  Jacqueline Romy Bechara, Alexandria, Virginia, Brian R. Hood, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Benson Motanya pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The district court sentenced Motanya below the advisory Sentencing Guidelines range to a total of 30 months' imprisonment. On appeal, Motanya's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court properly explained its application of the 18 U.S.C. § 3553(a) factors. Motanya has filed a supplemental pro se brief arguing the court did not properly consider mitigating factors in imposing its sentence and that the court imposed the incorrect restitution amount. The Government has moved to dismiss the appeal of any grounds covered in the appeal waiver in Motanya's plea agreement. We affirm in part and dismiss in part.

Motanya's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court

2

also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Motanya entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Motanya's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that, with limited exceptions not applicable here, Motanya knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Motanya raise on appeal fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm in part the district court's

3

judgment, grant the Government's motion to dismiss in part, and dismiss the appeal of all issues within the scope of the appellate waiver. This court requires that counsel inform Motanya, in writing, of the right to petition the Supreme Court of the United States for further review. If Motanya requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Motanya.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4